# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7378 | **DATE** | 12/23/2003 |
| **CASE TITLE** | Alan Cohen vs. Ameritech Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendant's motion for summary judgment [19-1] is granted. Defendant's motion to strike class allegations [19-2] is granted. Defendant's motion to strike portions of plaintiff's Local Rule 56.1 statement in opposition to defendant's statement in support of its motion for summary judgment [25-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN COHEN, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 02 C 7378<br>) |
| v. | ) Judge Martin C. Ashman<br>) |
| AMERITECH CORPORATION, a foreign corporation d/b/a AMERITECH/SBC GLOBAL NETWORK, SBC/AMERITECH CORPORATION and SBC, | )<br>)<br>)<br>) |
| Defendant. | ) |

DOCKETED
DEC 2 4 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alan Cohen, on behalf of himself and others similarly situated, seeks: (1) preliminary and permanent injunctions requiring Ameritech Corporation to correct its policies in determining the disabilities of employees so as to comply with the Americans with Disabilities Act ("ADA"); (2) a judgment against Ameritech to compensate members of the discriminated class; and (3) award of costs and attorney's fees. Before this Court is Ameritech's Limited Motion for Summary Judgment, which requests: (1) the Court enter summary judgment in its favor on Cohen's individual claim because he is not substantially impaired in any major life activity and is not a qualified individual under the ADA, and (2) the Court strike the class allegations because Cohen is not an appropriate class representative, thereby terminating this proceeding.[1]

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(a).

30

# I. Statement of the Facts [2]

Alan Cohen was employed as a customer service associate ("associate") with Ameritech from October 2, 1995 to November 2, 2001. (Dep. at 24.)[3] As an associate, Cohen handled customer concerns and was authorized to make sales recommendations to customers if he felt such recommendations were appropriate. (Dep. at 25.) Then, in 1996, while Cohen was absent for four months due to a triple bypass surgery, the call process for associates changed. (Dep. at 33-34.) Associates were now required to offer a specific set of products to each customer with whom they spoke. (Dep. at 21, 26-27, 29, 33-34.) In addition, associates were now remotely monitored[4] for disciplinary purposes; in the past, remote monitoring had only been used for educational purposes. (Dep. at 28, 52.)

Cohen did not agree with the new call process put into place during his absence in 1996, ostensibly because he was not trained for it; therefore, he refused to follow the call process mandated by his employer, leading to Ameritech initiating disciplinary procedures against him. (Dep. at 26, 29.) From 1996 through September 2000, Cohen was continually disciplined for not making the proper sales presentations. (Dep. at 77-78.) In fact, Cohen received two final warning letters: one on April 22, 1996 and a second on September 21, 2000. (Def. Ex. 2, 3.)

---

[2] The facts are taken from Plaintiff's and Defendant's Local Rule 56.1 Statements, including Plaintiff's Local Rule 56.1 Statement in Opposition to Defendant's Statement in Support of its Limited Motion for Summary Judgment. The Court denies Defendant's Motion to Strike Portions of Plaintiff's Local Rule 56.1 Statement in Opposition to Defendant's Statement in Support of its Motion for Summary Judgment.

[3] The deposition cites refer to Cohen's deposition taken April 7, 2003.

[4] Remote monitoring is the act of Ameritech managers listening in on associates' phone calls to ensure that the associates were following the correct call flow process.

Cohen claims that he suffered from anxiety due to remote monitoring and the consequential disciplinary procedures accompanying his refusal to follow the call process; therefore, Cohen began seeing Dr. Bakshy, a clinical psychologist, in June 2000. (Dep. at 94.) Dr. Bakshy diagnosed Cohen with Panic Disorder without Agrophobia. (Bakshy Rep.)

Despite his anxiety, Cohen continued to work for Ameritech as an associate, but in October 2000, Cohen was suspended for not making proper sales presentations in accordance with the call process required of associates. (Dep. at 76-77.) As of December 2000, Ameritech placed Cohen on a final warning for attendance. (Dep. at 86.) In February 2001, Cohen was reprimanded and suspended once again for not following the call process. (Dep. at 75-76.)

Then, on February 15, 2001, Cohen suffered an anxiety attack while at work and went on disability leave for several months. (Dep. at 79.) In March 2001, Cohen began seeing Dr. David McNeil, a clinical psychiatrist, who diagnosed Cohen with several psychological disorders, including anxiety disorder which heightened when Cohen focused on returning to work. (Dep. at 94.) Dr. McNeil recommended that Cohen be assigned to another position. (McNeil Rep.) As a result of Dr. McNeil's findings, Cohen notified Ameritech of his disability and requested short term disability benefits, job restructuring, a modified work schedule, and a transfer to another position in order to accommodate his disability. (Am. Compl. at ¶ 23.) However, Ameritech denied Cohen's request for short term disability benefits on March 23, 2001. (Am. Compl. Ex. A.) On April 25, 2001, Cohen filed a charge with the EEOC, alleging discrimination in violation of the ADA. (Am. Compl. Ex. A.)

Next, Cohen took an additional leave from work and scheduled a return on August 13, 2001. In the meantime, Ameritech denied Cohen's request for accommodation, and on August 9,

2001, Ameritech informed Cohen that his failure to return to work on August 13th would result in termination. (Am. Compl. at ¶ 25.) On August 13, 2001, Cohen spoke with his senior manager and informed his manager that his doctor had not released him to return to work, but Cohen's senior manager reiterated that Cohen would be fired if he did not return to work. (Am. Compl. at ¶ 25.) Cohen then filed a second charge with the EEOC on August 13, 2001, alleging retaliation and discrimination in violation of the ADA. (Am. Compl. Ex. B.)

In late August 2001, Cohen suffered another anxiety attack after returning to work on August 13, 2001, and took disability leave for an additional two weeks. (Dep. at 100.) Then, on October 9, 2001, Cohen was suspended once again, pending termination for not making the proper sales presentations. (Dep. at 79-80.) Finally, Cohen was terminated on November 2, 2001. (Dep. at 24.)

Since his termination, Cohen has lost three jobs with separate employers in a six month period. He alleges this is due to his disabilities. (Dep. at 14-21; Pl. Aff. at ¶ 3.) Most recently, Cohen began working in March 2003 with Salience Associates, Inc., but he alleges that he was unable to continue to work because of his anxiety, so he resigned shortly after April 16, 2003. (Pl. Aff. at ¶ 1-3.) Cohen is now seeing Dr. Desapereira, a psychologist, through his wife's insurance, and is taking Clonazepam and Paxil. (Dep. at 92.)

On September 20, 2001, the EEOC issued a determination relating to the charges Cohen had filed with the agency and found that the evidence obtained established a reasonable cause to believe that Ameritech had discriminated on the basis of disability and had denied a reasonable accommodation in violation of the ADA and furthermore, that the class action was reasonable. (Am. Compl. Ex. C.) On August 2, 2002, Cohen received Right to Sue letters from the EEOC.

(Am. Compl. Ex. D, E.) The original complaint for this case was filed on October 15, 2002, and amended on January 6, 2003. (Am. Compl. at ¶ 30.)

## II. Summary Judgment Standard

The Court will award summary judgment when the movant can prove that there is no disputed issue of material fact, and given the evidence presented, the Court should grant the movant judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Liberty Lobby*, 477 U.S. at 248. The Court must view all the evidence in the light most favorable to the nonmoving party and draw all appropriate inferences in the nonmovant's favor. *See Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). But if the evidence only raises some minuscule doubt as to the material facts, summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 261. Our sole function is to decide whether sufficient evidence exists to support a verdict in Cohen's favor. *See Erjavac v. Holy Family Health Plus*, 13 F. Supp. 2d 737, 742 (N.D. Ill. 1998). Accordingly, "[c]redibility determinations, weighing evidence, and drawing reasonable inferences are jury functions, not those of a judge deciding a motion for summary judgment." *Id.* (citing *Liberty Lobby*, 477 U.S. at 255). In employment

discrimination cases this standard is applied with added rigor, because issues of intent and credibility often dominate. *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1038 (7th Cir. 1993).

### III. **Discussion**

With this standard in mind, we now turn to the case at hand. The Americans with Disabilities Act of 1990 was enacted to prohibit discrimination on the basis of disability. 42 U.S.C. § 12101. Therefore, "[n]o covered entity[5] shall discriminate against a qualified individual with a disability[6] because of the disability[7] of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To qualify for relief under the ADA, Cohen must establish: (1) that he is a disabled person under the ADA; (2) that he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he has suffered an adverse employment action because of his disability. *See Pugh v. City of Attica, Ind.*, 259 F.3d 619, 626 (7th Cir. 2001); *Krocka v. Bransfield*, 969 F. Supp. 1073, 1082 (N.D. Ill. 1997). This Court finds that Cohen is a disabled

---

[5] "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2).

[6] "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

[7] "The term 'disability' means, with respect to an individual – (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

person as defined under the ADA, but he is not a qualified individual. However, even if Cohen were a qualified individual, he was not terminated because of his disability.[8]

### A. Cohen Is Disabled Under the ADA.

To show that he is disabled under the ADA, Cohen must show one of the following: (1) he has a physical or mental impairment that substantially limits one or more major life activities; (2) he has a record of such an impairment; or (3) he is regarded as having such an impairment. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. 84*, 133 F.3d 1054, 1058 (7th Cir. 1998); 42 U.S.C. § 12102(2). Cohen only asserts that he is disabled under the first prong of this definition.

An "impairment" is any psychological disorder or condition that affects one or more body systems, or any mental or psychological disorder. 29 C.F.R. § 1630.2(h). However, "a disease need not produce continuous, identifiable (to the casual observer) symptoms in order to constitute an impairment." *Erjavac*, 13 F. Supp. 2d at 743. Using the above definitions, Cohen has an impairment.[9] He has been diagnosed, by two clinical psychologists and one clinical

---

[8] This Court will not grant an injunction requiring Ameritech to correct policies or procedures in determining disabilities of employees in compliance with the ADA because, in spite of Ameritech's internal policies, Ameritech properly concluded that Cohen was not protected under the ADA because he was not a qualified individual.

[9] Our analysis primarily focuses on Cohen's claim of disability from his anxiety disorder and depression, even though he has now claimed that he is disabled due to his sleep apnea and other problems. Ameritech argues that Cohen's claims have always focused on his anxiety problems and that he cannot now amend his complaint through his other pleadings now that the case has proceeded to the point of summary judgment. *See Speer v. Rand McNally & Co.*, 123 F.3d 658, 665 (7th Cir. 1997); *Zakaras v. United Airlines, Inc.*, 121 F. Supp. 2d 1196, 1213 (N.D. Ill. 2000). However, these impairments were revealed during discovery. *See Republic*
(continued...)

psychiatrist, with anxiety disorder. A psychological condition such as anxiety disorder is an impairment under the ADA. *Krocka,* 969 F. Supp. at 1083 (noting that depression constitutes a mental impairment under the ADA).

The next question is whether Cohen's impairment substantially limits a major life activity. The ADA does not protect all persons with impairments, only those individuals with impairments that substantially limit a major life activity. *Waggoner v. Olin Corp.,* 169 F.3d 481, 484 (7th Cir. 1999). "Substantially limits" means that "the person is either unable to perform a major life function, or is significantly restricted in the duration, manner, or condition under which the individual can perform a major life activity, as compared to the average person in the general population." *Contreras v. Suncast Corp.,* 237 F.3d 756, 762 (7th Cir. 2001); 29 C.F.R. § 1630.2(j). "In determining whether a disability 'substantially limits' a person from performing a major life activity, courts consider: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long term impact, or the expected long term impact of or resulting from the impairment." *Erjavac,* 13 F. Supp. 2d at 742-43 (citing 29 C.F.R. § 1630(j)(2)). However, difficulties do not have to be insurmountable in order to constitute a significant limitation. *Id.* at 743.

"Major life activities" include, but are not limited to, "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and

---

[9](...continued)
*Tobacco, L.P. v. N. Atl. Trading Co.,* 254 F. Supp. 2d 985, 993 (N.D. Ill. 2002). Regardless, as Ameritech does not dispute that Cohen has an impairment under the ADA, and because we find that Cohen is disabled, his other impairments do not significantly affect our analysis, although we do note that he most likely has produced insufficient evidence that his other alleged impairments substantially limit any other major life activities.

working." 29 C.F.R. § 1630.2(i). This list is not all-inclusive. In making the determination of which additional activities are "major life activities" a court must look to the significance of the activity. *Bragdon v. Abbott*, 524 U.S. 624, 638 (1998). Cohen claims that he is substantially limited in the major life activity of working.[10]

"When the major life activity under consideration is that of working, the statutory phrase 'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999). In essence, "the impairment must substantially limit employment generally." *Contreras*, 237 F.3d at 762 (quoting 29 C.F.R. § 1630.2(j), App.). The inability to perform either a particular job for a particular employer or a narrow range of jobs is not a disability. *Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1454-55 & n.13 (7th Cir. 1995). Cohen must demonstrate that his specific impairment substantially limits his ability to perform the major life activity of working. *See Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1061 (7th Cir. 2000).

Cohen's impairment of anxiety disorder with depression substantially limits the major life activity of working. From the record, it appears to be a continuous limitation upon his ability to work. While at Ameritech, Cohen suffered from anxiety attacks whenever he thought about going back to work. Subsequently, Cohen was employed in two other sales positions and one manager trainee position which he either lost or quit due to his anxiety. He is not merely unable to perform his job as an associate at Ameritech; rather, he has been unable to perform any job as

---

[10] He also claims that he is substantially limited in the major life activities of sleeping, breathing and interacting with other people. We doubt that there is enough evidence to support this conclusion, but again, find it unnecessary to reach this issue as we find that he is substantially limited in his ability to work.

a sales associate since his diagnosis with anxiety disorder. (Dep. at 14-21; Cohen Aff. at ¶ 1-3.) He has not been able to perform either telephone sales jobs or face to face sales jobs. (Id.) It is apparent that Cohen is unable to work in a wide class of jobs: the sales industry.

Ameritech argues that Cohen admitted that he was able to perform other sales jobs[11] and urges the Court to ignore Cohen's "self-serving affidavit" that he was forced to quit his most recent job at Salience due to his anxiety. *See* Cohen Aff. ¶ 3 ("Due to the anxiety and depression from which I have continued to suffer since 2000, I was unable to continue working at Salience Associates, Inc., and resigned on or shortly after April 16, 2003."). However, for purposes of this motion for summary judgment, we must take the facts and all reasonable inferences in the light most favorable to Cohen, the non-moving party. The loss of three jobs in six months indicates a substantial inability to work.

Working is essential to providing for oneself and one's family. Cohen's inability to perform this major life function produces a significant long term impact on Cohen. There are no short term solutions; therefore, this Court finds that Cohen's anxiety disorder substantially limits his major life activity of working.

---

[11] For example, see Cohen's testimony at his deposition at page 21:

    Q:    And did you feel that you were able to do the job at Radio Shack, especially the selling part of it?

    A:    Yes.

### B. Cohen Is Not Qualified To Perform the Functions of His Job, With Or Without Reasonable Accommodation.

Cohen must next establish that he is a qualified individual. A qualified individual with a disability is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). If an employee cannot do his job even with a reasonable accommodation, he will have no claim under the ADA. *Matthews v. Commonwealth Edison Co.*, 128 F.3d 1194, 1195 (7th Cir. 1997).

An employer must make a reasonable accommodation for a qualified individual unless the employer demonstrates that the accommodation would impose an undue hardship on the operation of the business. 42 U.S.C. § 12112(b)(5)(A) & (B). An employer is not required to give a disabled employee preferential treatment over other employees. *Williams v. United Ins. Co. of Am.*, 253 F.3d 280, 282 (7th Cir. 2001). In accommodating an employee, an employer must consider the feasibility of assigning an employee to a different job in which his or her disability will not be an impediment to full performance, and if the reassignment is feasible and does not require the employer to turn away a superior applicant, the reassignment is mandatory. *E.E.O.C. v. Humiston-Keeling, Inc.*, 227 F.3d 1024, 1027 (7th Cir. 2000).

Cohen is not a qualified individual because he cannot perform his job as an associate for Ameritech with or without reasonable accommodation. Cohen's anxiety primarily stems from the remote monitoring by Ameritech managers and the resulting disciplinary procedures. (Dep. at 94.) If Cohen's job produces anxiety attacks that prevent him from even attending work, then Cohen cannot not reasonably be found qualified to perform his job. When a new call flow

process was instituted at Ameritech in 1996, Cohen refused to follow the process by not offering the products that Ameritech required him to offer as an associate. (Dep. at 26-31.) At the same time, Ameritech also started using remote monitoring to ensure that the associates were performing their jobs properly. (Dep. at 28.) If a supervisor found that an associate was not performing his job properly, the supervisor took disciplinary measures. (Id.)

It would be unreasonable for Ameritech to exempt Cohen from remote monitoring or its disciplinary measures; in fact, that would be showing preferential treatment to Cohen and his disability. Furthermore, there are no other positions within Ameritech that Cohen can perform that are not subject to disciplinary measures. Expecting an employer to withhold discipline from an employee who is not performing up to expectations is not a reasonable accommodation. Because there is no reasonable accommodation available which enables Cohen to perform the essential functions of his job, he is not otherwise qualified.

Furthermore, even if Ameritech did not subject Cohen to disciplinary procedures, Cohen would be unable to perform his job. Cohen refused to make sales offers in accordance with Ameritech's new call flow process. (Dep. at 26-31.) Cohen claimed that he was not properly trained and therefore was unqualified to make the sales recommendations. (Dep. at 26-27.) This has nothing to do with his disability. The evidence also shows that Cohen would not have made the required recommendations even if he had been trained because he believed the call flow process, which included making product recommendations, to be a waste of his time. (Dep. at 29-31.) He did not believe that he should be required to make product package recommendations to people who he judged to be not interested in the package. Ameritech continuously disciplined Cohen for refusing to perform the essential functions of his associate position. Cohen's job

involved making these sales offers, and even without being subject to disciplinary procedures, there is no evidence that Cohen would be able to perform his job as an associate at Ameritech. Cohen has exhibited an unwillingness to perform the call flow process, and this unwillingness was not caused by his disability under the ADA. *See Cameron v. Community Aid for Retarded Children, Inc.*, 335 F.3d 60, 64 (2nd Cir. 2003) (finding that plaintiff was not qualified where her conceded inability to get along with a subordinate was not caused by any actual disability under the ADA); *Hammel v. Eau Galle Cheese Factory*, 2003 WL 21665133, at *8 (E.D. Wis. June 26, 2003) (employee who was unwilling to accept the essential tasks of his job was not qualified).

### C. Assuming Arguendo That Cohen Is a Qualified Individual, Ameritech Did Not Fire Cohen Because of His Disability.

The ADA does not relieve a disabled employee or applicant from the obligation to perform the essential functions of the job. 29 C.F.R. § 1630. It is not unusual, or contrary to federal law, for an employer to fire an employee who is not performing adequately in his job. A court must not decide whether the employer's decision was correct but whether the decision was honestly made in good faith upon nondiscriminatory reasons. *See c.f. McCoy v. WGN Cont'l Broad. Co.*, 957 F.2d 368, 373 (7th Cir. 1992).

Cohen was fired by Ameritech not because he had an anxiety disorder but because he was unable to perform his job. This contention is not seriously disputed by Cohen. Cohen was continuously disciplined for not adequately performing, and his termination resulted from a culmination of these disciplinary actions. There exists no evidence that this was a pretextual

involved making these sales offers, and even without being subject to disciplinary procedures, there is no evidence that Cohen would be able to perform his job as an associate at Ameritech. Cohen has exhibited an unwillingness to perform the call flow process, and this unwillingness was not caused by his disability under the ADA. *See Cameron v. Community Aid for Retarded Children, Inc.*, 335 F.3d 60, 64 (2nd Cir. 2003) (finding that plaintiff was not qualified where her conceded inability to get along with a subordinate was not caused by any actual disability under the ADA); *Hammel v. Eau Galle Cheese Factory*, 2003 WL 21665133, at *8 (E.D. Wis. June 26, 2003) (employee who was unwilling to accept the essential tasks of his job was not qualified).

### C. Assuming Arguendo That Cohen Is a Qualified Individual, Ameritech Did Not Fire Cohen Because of His Disability.

The ADA does not relieve a disabled employee or applicant from the obligation to perform the essential functions of the job. 29 C.F.R. § 1630. It is not unusual, or contrary to federal law, for an employer to fire an employee who is not performing adequately in his job. A court must not decide whether the employer's decision was correct but whether the decision was honestly made in good faith upon nondiscriminatory reasons. *See c.f. McCoy v. WGN Cont'l Broad. Co.*, 957 F.2d 368, 373 (7th Cir. 1992).

Cohen was fired by Ameritech not because he had an anxiety disorder but because he was unable to perform his job. This contention is not seriously disputed by Cohen. Cohen was continuously disciplined for not adequately performing, and his termination resulted from a culmination of these disciplinary actions. There exists no evidence that this was a pretextual

involved making these sales offers, and even without being subject to disciplinary procedures, there is no evidence that Cohen would be able to perform his job as an associate at Ameritech. Cohen has exhibited an unwillingness to perform the call flow process, and this unwillingness was not caused by his disability under the ADA. *See Cameron v. Community Aid for Retarded Children, Inc.*, 335 F.3d 60, 64 (2nd Cir. 2003) (finding that plaintiff was not qualified where her conceded inability to get along with a subordinate was not caused by any actual disability under the ADA); *Hammel v. Eau Galle Cheese Factory*, 2003 WL 21665133, at *8 (E.D. Wis. June 26, 2003) (employee who was unwilling to accept the essential tasks of his job was not qualified).

### C. Assuming Arguendo That Cohen Is a Qualified Individual, Ameritech Did Not Fire Cohen Because of His Disability.

The ADA does not relieve a disabled employee or applicant from the obligation to perform the essential functions of the job. 29 C.F.R. § 1630. It is not unusual, or contrary to federal law, for an employer to fire an employee who is not performing adequately in his job. A court must not decide whether the employer's decision was correct but whether the decision was honestly made in good faith upon nondiscriminatory reasons. *See c.f. McCoy v. WGN Cont'l Broad. Co.*, 957 F.2d 368, 373 (7th Cir. 1992).

Cohen was fired by Ameritech not because he had an anxiety disorder but because he was unable to perform his job. This contention is not seriously disputed by Cohen. Cohen was continuously disciplined for not adequately performing, and his termination resulted from a culmination of these disciplinary actions. There exists no evidence that this was a pretextual

reason for firing Cohen. Cohen did not suffer an adverse employment action due to his disability; Ameritech would have fired Cohen, regardless of his disability.

### D. Cohen Is Not Protected By The ADA; Therefore, Cohen Is Not a Proper Class Representative, and the Class Allegations Must Be Stricken.

Cohen is unable to assert a claim under the ADA on his own behalf, which precludes him from satisfying the requirements for class certification. Under Rule 23 of the Federal Rules of Civil Procedure, a class can only be represented by a party whose claims are typical to those of the class. *See Pehr v. Univ. of Chicago*, 799 F. Supp. 862, 869-70 (N.D. Ill. 1992) (dismissing the plaintiff's individual claim and ruling that consequently the class could not be certified). "An individual bringing an action on behalf of a class must be a member of the class and 'possess the same interest and suffer the same injury' as members of the class." *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir. 1994) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974)). Cohen attempts to bring a class action on behalf of Ameritech employees who are disabled and otherwise qualified as defined under the ADA, but who were deemed to be not disabled by Ameritech's internal review board. However, Cohen is not a qualified individual[12] under the ADA and was not fired because of his disability. He is not protected by the ADA and cannot bring a cause of action based on its provisions. Cohen is not a member of the class and cannot be its representative. Class allegations should be stricken.

---

[12] An employer has a duty to engage in an interactive process with a qualified disabled employee to find a reasonable accommodation. *See e.g. Erjavac*, 13 F. Supp. 2d at 750-51 (employer must collaborate with employee when employee requests an accommodation). If the employee is not disabled or otherwise qualified, the duty cannot arise. We do not need to reach this issue as the class allegations will be stricken.

Because a class has not been certified, the dismissal of any other putative class member's potential claims against Ameritech is without prejudice. *See Pehr*, 799 F. Supp. at 870.

## IV. Conclusion

Cohen is not an otherwise qualified individual under the ADA. Moreover, Cohen was not fired because of his disability; therefore Ameritech's motion for summary judgment is granted. In addition, due to Cohen's inability to represent the class, Ameritech's motion to strike class allegations is granted and a final order terminating this litigation will be entered. Finally, Ameritech's Motion to Strike Portions of Plaintiff's Local Rule 56.1 Statement in Opposition to Defendant's Statement in Support of its Motion for Summary Judgment is denied.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
Dated: December 23, 2003.      United States Magistrate Judge

Copies have been mailed to:

| | |
|---|---|
| GILBERT W. GORDON, Esq. | DANUTA BEMBENISTA PANICH, Esq. |
| STEPHEN A. COHEN, Esq. | KIM A. LEFFERT, Esq. |
| CHIP G. SCHONEBERGER, Esq. | ROBERT A. BLOOM, Esq. |
| Marks, Marks and Kaplan, Ltd. | COURTNEY L. BREEN, Esq. |
| 120 North LaSalle Street | Mayer, Brown, Rowe & Maw, L.L.P. |
| Suite 3200 | 191 South LaSalle Street |
| Chicago, IL  60602 | Chicago, IL  60603-3441 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |